Christian N. Bataille
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: cbataille@farnorthlaw.com
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANE E. VAN ROOYEN ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | Case No. _____ |

## COMPLAINT

Comes now plaintiff, and for her Complaint, states and alleges as follows:

1. Plaintiff Lane Van Rooyen, at all times pertinent, was a resident of Anchorage, Alaska and a patient of Anchorage Neighborhood Health Center, Inc. (ANHC).

2. ANHC, at all times pertinent, was a corporation licensed and authorized to conduct business in the State of Alaska and provided primary medical care and treatment to the plaintiff commencing in approximately February of 2009. At all times pertinent, Heidi Baines MD was an employee of defendant ANHC acting within the course and scope of her employment and the plaintiff's treating primary care physician.

3. On December 23, 2013 plaintiff filed an Administrative Claim Form 95 with the United States Department of Health and Human Services (DHSS) with respect to the alleged negligent conduct of ANHC.

4. United States of America is deemed to be an entity of the federal government for purposes of the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2401(b), 2671-80, by operation of the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. §233(g)-(n).

5. Pursuant to 28 U.S.C. §2675(a), the failure of DHSS to issue a final denial of the plaintiff's administrative claim within six months following the filing of the plaintiff's administrative claim (June 23, 2014) may be deemed a final denial of the plaintiff's administrative claim.

6. Plaintiff has exhausted her administrative remedies against ANHC and the United States of America because more than six months has passed without the issuance of a final denial by DHSS of the plaintiff's administrative claim against ANHC and the United States of America.

7. The following described claims are properly brought under the Federal Tort Claims Act (FTCA) and this Court has jurisdiction over the defendant and claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1346, 2401, and 2671 et seq. (FTCA) and 25 U.S.C. § 450f.

## NEGLIGENCE CLAIMS

8. At all times pertinent, plaintiff was suffering from bi-polar disorder and was prescribed the medication lithium as part of her treatment for her bi-polar disorder.

9. Commencing at least by November of 2011, defendant knew or should have known that plaintiff was manifesting symptoms consistent with an elevated lithium level.

10. On or about December 28, 2011, plaintiff was hospitalized with a highly elevated lithium level.

11. At all times pertinent, defendant United States of America owed plaintiff a duty not to needlessly endanger her health and to assess, diagnose, and treat her with the degree of experience and/or care and/or knowledge and/or skill and/or judgment possessed by or ordinarily exercised by physicians specializing in primary care medicine.

12. Defendant United States of America breached duties it owed to the plaintiff by needlessly endangering her health and in failing to assess, diagnose and treat her with the degree of experience and/or care and/or knowledge and/or skill and/or judgment possessed by or ordinarily exercised by physicians specializing in primary care medicine; including, but not limited to 1) prescribing plaintiff medication which defendant United States of America knew or should have known was contraindicated in a patient taking lithium, 2) failing to discontinue or recommend discontinuing lithium in light of the plaintiff's preexisting medical conditions and/or other medications, 3) failing to monitor plaintiff's serum lithium level in accordance with the standard of care required of patients such as the plaintiff, 4) failing to regularly review plaintiff's medications and medication

dosages to assure that the plaintiff was not placed at risk of an elevated or toxic lithium level due to interactions with other medications, 5) failing to regularly evaluate possible side effects or symptoms consistent with or indicative of an elevated lithium level, 6) failing to diagnose an elevated lithium level or respond appropriately after the plaintiff manifested symptoms and/or side effects indicative of or consistent with an elevated lithium level, 7) failing to obtain informed consent of the plaintiff before prescribing medications known or suspected of being contraindicated in patients prescribed lithium and, 8) failing to establish and maintain clear and regular communication regarding plaintiff's care, medications and medical condition between ANHC and plaintiff's other medical providers, including plaintiff's psychiatric providers.

13. As a direct and proximate cause of the breaches of duty by defendant United States of America as set forth herein, plaintiff sustained severe and permanent personal injuries.

14. As a direct and proximate cause of the breaches of the duties of defendants as set forth herein, plaintiff has and will continue to sustain injuries and damages including, but not limited to, past and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life and reduced life expectancy.

15. Defendant United States of America's breaches of duty as set forth herein were in reckless disregard of the health and safety of plaintiff and others similarly situated.

WHEREFORE, plaintiff prays for compensatory and exemplary damages in an amount to be determined by the court plus applicable interest, attorney's fees, costs, and such other damages and relief as the court deems just and equitable.

Dated this 6th day of October, 2014.

By: s/ Christian N. Bataille, AK Bar #8406011